**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES ex rel.
JAMES F. VALENTI, JR.,

      Plaintiff,

vs.                                            Case No. 3:11-cv-368-J-99TJC-PDB

TAI SHAN GOLDEN GAIN ALUMINUM
PRODUCTS, LTD; SAM LEI; JOHN LEI;
INNOVATIVE ALUMINUM (HONG KONG),
LTD; ROBERT WINGFIELD; STEVEN
ATKINSON; NORTHEASTERN
ALUMINUM CORPORATION; WILLIAM
MA; MASTER ATTRACTION SBN BHD;
LMM MARKETING SBN BHD; KING
RIVER; TMI; SOUTHEASTERN
ALUMINUM PRODUCTS, INC.; BASCO
MANUFACTURING COMPANY;
WATERFALL GROUP, LLC; C.R.
LAURENCE COMPANY, INC.; VITRO
ARCHITECTURAL PRODUCTS;
SOUTHERN ALUMINUM
MANUFACTURING COMPANY;
CARDINAL SHOWER ENCLOSURES;
CORAL INDUSTRIES; and JOHN DOE
COMPANIES,

      Defendants.

**ORDER**

      This case is before the Court on the Notice of Voluntary Dismissal of Claims As to Defendant Basco ("Notice") (Doc. 9), and the Notice of Filing Settlement Agreement ("Settlement Agreement") (Doc. 12). On November 12, 2013, the United States of America and Relator James F. Valenti, Jr. ("Relator") filed the Notice dismissing certain claims

against Defendant Basco Manufacturing Company ("Basco") with prejudice and other claims without prejudice. (Id. at ¶ 1.) The Notice also requested that the Court retain jurisdiction to enforce the settlement and to determine the Relator's share of the settlement proceeds, if any, pursuant to 31 U.S.C. § 3730(d). (Id. at ¶ 3.) On November 13, 2013, the Court ordered the parties to file their settlement agreement for the Court's review. (Doc. 10.) The United States of America filed the Settlement Agreement on November 15, 2013. (Doc. 12.)

Upon review of the Notice and the Settlement Agreement, the Court agrees that the Relator's share of the Basco settlement proceeds, if any, remains to be determined. The United States of America and the Relator should therefore advise the Court how they propose to proceed on that issue.

The Court is unclear, however, what other ground exist for the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. If the parties to the Settlement Agreement wish the Court to retain jurisdiction beyond when it has determined the Relator's share of the Basco settlement proceeds, they will need to make a request that explains why the Court should retain jurisdiction.

Accordingly, it is hereby

**ORDERED**:

1. The claims against Defendant Basco Manufacturing Company in this case for the "Covered Conduct" as defined in the Settlement Agreement (Doc. 12-1 at 2) are dismissed with prejudice. All other claims against Defendant Basco Manufacturing Company are dismissed without prejudice. Each party to the Settlement Agreement shall bear its own attorney's fees and costs.

2. The Clerk is directed to terminate this case as to Defendant Basco Manufacturing Company **only**.

3. The Court retains jurisdiction to determine Relator James F. Valenti, Jr.'s share of the Basco settlement proceeds, if any, pursuant to 31 U.S.C. § 3730(d).

3. On or before **December 18, 2013**, the United States of America and the Relator shall jointly file a notice advising the Court of the status of the issue of the Relator's share of the Basco settlement proceeds, and of their proposals of how to proceed on that issue.

**DONE AND ORDERED** at Jacksonville, Florida, on this 21st day of November, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies to:

Counsel of Record

3