## SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into between Basco Manufacturing Company (Basco) and James F. Valenti, Jr. (Relator) (both of which are collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A.  Basco is an Ohio corporation that designs and manufactures shower enclosures using aluminum extrusions.

B.  On April 15, 2011, Relator filed a *qui tam* action in the United States District Court for the Middle District of Florida captioned *United States ex rel. Valenti v. Tai Shan Golden Gain Aluminum Products, Ltd., et al.*, Civil Action No. 3:11-cv-368-J-99TJC-JRK, under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the Civil Action). Basco is a named defendant in that action. The *qui tam* complaint in the Civil Action alleged, among other things, that Basco and others conspired to misrepresent the country of origin on imports of aluminum extrusions from the People's Republic of China to avoid paying antidumping and countervailing duties. On March 11, 2013, the United States intervened in the Civil Action against defendants, including Basco.

C.  The United States contends that with respect to imports from Tai Shan Golden Gain Aluminum Products, Ltd. (Tai Shan) identified as Customs entries 1713752-1, 1032179-9, and 1033104-6, Basco knowingly engaged in the following conduct to evade paying antidumping, countervailing, and other duties owed to the United States:

   a. Basco misrepresented, caused to be misrepresented, or conspired to misrepresent the country of origin of the aluminum extrusions as Malaysia, rather than the People's Republic of China;

b. Basco undervalued, caused to be undervalued, or conspired to undervalue the aluminum extrusions; and

c. Basco failed to declare and pay, caused others to fail to declare and pay, or conspired to fail to declare and pay antidumping, countervailing, and other duties owed to the United States.

The United States further contends that the conduct described in this paragraph, referred to below as the "Covered Conduct," gives rise to civil claims against Basco.

D.This Settlement Agreement is neither an admission of liability by Basco nor a concession by the Relator that his claims are not well founded.

E.Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of the payment to be made by Basco to the United States of America, set out in a separate agreement between Basco and the United States of America, acting through the United States Department of Justice and on behalf of the United States Customs & Border Protection (Customs) of the Department of Homeland Security and the Department of Commerce, that addresses the Covered Conduct (the "United States Settlement Agreement") and to Relator's reasonable expenses, attorney's fees, and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1.Basco shall pay ten thousand dollars ($10,000.00) (the "Settlement Amount") to Relator, James F. Valenti, Jr., for the Relator's expenses, attorneys' fees and costs under 31 U.S.C. § 3730(d)(1). Payment shall be made to Fallgatter Farmand & Catlin, P.A. no later than ten (10) days after the Effective Date of this Agreement.

2. Conditioned on Basco's full payment of the Settlement Amount and Basco's compliance with the terms of the United States Settlement Agreement, Relator, for Relator and Relator's heirs, successors, attorneys, insurers, agents, and assigns, releases Basco and its present and former parents, subsidiaries, divisions, officers, directors, employees, attorneys, successors, and assigns (collectively, the "Basco Released Parties") from any civil claim the Relator has on behalf of the United States for the Covered Conduct, including under the False Claims Act, 31 U.S.C. §§ 3729-3733, or for any other civil claim, demand, action, suit, cause of action, and liabilities of any nature whatsoever that the Relator has or may have against Basco and the Basco Released Parties.

3. Relator and Relator's heirs, successors, attorneys, agents, and assigns shall not object to any aspect of the United States Settlement Agreement. Relator agrees that the payments described in the United States Settlement Agreement and this agreement are fair, adequate and reasonable, under 31 U.S.C. § 3730(c)(2)(B). Relator further acknowledges that no agreements concerning the Relator share have been reached to date and that Relator retains all of his rights pursuant to the False Claims Act on the issue of the share percentage that Relator should receive from the proceeds of any settlement with the United States, arising out of the Covered Conduct.

4. Conditioned upon Relator's receipt of the payment described in Paragraph 1 above, and Basco's compliance with the terms of the United States Settlement Agreement, Relator, for himself, and for his heirs, successors, attorneys, agents, and assigns, releases, waives, and forever discharges, and will be deemed to have released and forever discharged, Basco and the Basco Released Parties from any liability to Relator arising from the filing of the Civil Action, from any civil claim Relator has on behalf of himself or the United States for the Covered Conduct and any

matters which were raised or which Relator could have raised against Basco or otherwise, or under 31 U.S.C. § 3730(d) for expenses or attorney's fees and costs.

5. Basco releases Relator, and Relator's heirs, successors, attorneys, agents and assigns (the "Relator Released Parties") from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Basco has asserted, could have asserted, or may assert in the future against the Relator Released Parties related to the Covered Conduct, or in any manner relating to the filing of the Civil Action and to the investigation and prosecution thereof by Relator or the United States. Basco further releases the Relator Released Parties from any and all other civil claims, demands, actions, suits, causes of action and liabilities of any nature whatsoever that Basco, its officers, employees, agents or attorneys has or may have or believe they may have against Relator and the Relator Released Parties.

6. This Agreement is intended to be for the benefit of the Parties only.

7. Upon receipt of the payments described in Paragraph 1, above, and conditioned on Basco's compliance with the terms of the United States Settlement Agreement, the Relator shall promptly file in the Civil Action a notice requesting that Basco be dismissed from the Civil Action, and that the dismissal be with prejudice on all claims against Basco except that the Court will reserve jurisdiction to determine Relator's Share of the settlement amount paid by Basco to the United States as referenced above.

8. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

9. Each Party and signatory to this Agreement represents that it freely and voluntarily enters this Agreement without any degree of duress or compulsion.

10. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Middle District of Florida. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by both Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

12. Each person who signs this Agreement in a representative capacity represents and warrants that he or she is duly authorized to do so.

13. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

14. This Agreement is binding on Basco's successors, transferees, heirs, and assigns.

15. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

16. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

[SIGNATURE PAGES FOLLOW]

BASCO

DATED: 11.4.13                          BY: _____
                                            George W. Rohde
                                            President/CEO
                                            Basco Manufacturing Company

DATED: 11/4/13                          BY: _____
                                            Michael R. Lazerwitz, Esq.
                                            Cleary Gottlieb Steen & Hamilton LLP
                                            Counsel for Basco

RELATOR

DATED: 11/4/13                          BY: _____
                                            James F. Valenti, Jr.
                                            Relator

DATED: 11/4/13                          BY: _____
                                            Harold Catlin, Esq.
                                            Fallgatter Farmand & Catlin, P.A.
                                            Counsel for Relator