UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA )
ex rel. JAMES F. VALENTI, JR., )
)
    Plaintiff, )
) Case No.: 3-11-cv-368-J-99TJC-PDB
v. )
)
TAI SHAN GOLDEN GAIN )
ALUMINUM PRODUCTS, LTD., )
ET AL. )
)
    Defendants. )
_____ /

## MOTION TO SET RELATOR'S SHARE, SCHEDULE STATUS CONFERENCE, AND ESTABLISH DISCOVERY SCHEDULE

The Relator, James F. Valenti, Jr., files this Motion to Set Relator's Share, Schedule Status Conference, and Establish Discovery Schedule requesting that this Court schedule an evidentiary hearing to establish the Relator's Share of the settlement with Defendant Basco. As grounds for this Motion, the Relator would argue as follows:

The Relator brought this action under 31 U.S.C. §3729 et. seq. (False Claims Act). As part of that Act, 31 U.S.C. §37030(d)(1) establishes that a Relator is entitled to a share of the government's recovery. The government intervened as to some defendants, including Basco, which has settled. As of the date of filing of this Motion, the Government and the Relator have been unable to agree as to the Relator's recovery out of the $1,050,000 million settlement with Basco.

An evidentiary hearing before this Court is necessary so that the Court can determine and consider numerous factors in the determination of the Relator's Share. Due to the disagreement over

the Relator's Share, this obviously places the government and the Relator in adversarial positions as it relates to the Relator's Share on the Basco settlement. As a result, the Relator will need to engage in limited but important discovery from the government and/or its agents or representatives.

The Relator believes that a status conference/case management conference in regard to the issue of the Relator's Share would be beneficial. Further, this hearing would be beneficial in determining when an evidentiary hearing would be best scheduled.

The Relator would also note that the Relator has been told by another named defendant against whom the government has intervened that a settlement as to that defendant is imminent. Rather than two evidentiary hearings to establish the Relator's Share, it would result in judicial economy if the evidentiary hearing was scheduled at a time which would include both settlements.

## MEMORANDUM

In support of the Relator's Motion, the Relator would cite *United States, ex. rel. Alderson v. Quarum Health Group, Inc.*, 171 F.Supp.2d 1323 (MDF 2001), wherein Judge Merryday of the Middle District of Florida dealt with the Court's determination of the Relator's Share of a settled Qui Tam action. The Court held a two day hearing involving testimony and documentary evidence as well as hearing argument of the parties as a basis for the determination of the Relator's Share.

The Relator in this action would argue that it would be mere speculation for the Court to determine the Relator's share without having heard testimony and receiving documentary evidence. Therefore, an evidentiary hearing would best serve this purpose.

Further, Relator would need to engage in limited discovery. For instance, the ICE investigator with whom the Relator worked with in 2011 prior to the filing this Qui Tam action was transferred from the Jacksonville office. The Relator believes he was initially transferred to a

Customs office located in Canada, but is unsure as to his current location.

WHEREFORE, the Relator moves this Court to schedule an evidentiary hearing to establish the Relator's Share of the settlement with Defendant Basco, schedule a status conference/case management conference, and establish a discovery schedule as it relates to this issue.

FALLGATTER FARMAND
& CATLIN, P.A.

*/s/ Harold H. Catlin*
Curtis S. Fallgatter, Esq.
Florida Bar No. 0213225
Harold H. Catlin, Esq.
Florida Bar No. 224065
200 East Forsyth Street
Jacksonville, FL  32202
(904) 353-5800 Telephone
(904) 353-5801 Facsimile
Attorneys for Relator

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically and via U.S. Mail to: (1) Christelle Klovers, Esq., U.S. Department of Justice Civil Division, Fraud Section, 601 D Street, N.W., Room 9213, Washington, D.C. 20004; and (2) Ronnie S. Carter, Esq., Assistant United States Attorney, Office of the United States Attorney, 300 North Hogan Street, Suite 700, Jacksonville, FL 32202, this _16_ day of December, 2013.

*/s/ Harold H. Catlin*
ATTORNEY

52539