**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES ex rel., JAMES F.
VALENTINI, JR.,

      Plaintiffs,

vs.                                                                     Case No.  3:11-cv-368-J-39MCR

ROBERT WINGFIELD; NORTHEASTERN
ALUMINUM CORP.; WILLIAM MA;
SOUTHEASTERN ALUMINUM PRODUCTS
INC.; WATERFALL GROUP, LLC; C.R.
LAURENCE COMPANY, INC.,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Relator's Motion Requesting Disclosure of Payment/Settlement Information ("Motion") (Doc. 27) filed January 23, 2014.  The United States of America ("Government") filed a Motion in Opposition to the Relator's Motion ("Response") on February 6, 2014.  Accordingly, the matter is ripe for review.

**I.     BACKGROUND**

On April 15, 2011, Relator filed a Complaint under seal pursuant to the False Claims Act, 31 U.S.C. § 3729.  (Doc. 1).  The Complaint alleged Defendants made false statements to the United States Customs and Border Protection ("Customs") as to their aluminum extrusion products' country of manufacture in order to avoid paying anti-dumping and countervailing duties.  (Id. at 3).  On March 11, 2013, the Government filed a Notice of Election to Intervene in Part and to Decline to Intervene in Part ("Notice") under seal.  (Doc. 2).  On October 11, 2013, the Court entered an Order directing the

Clerk of Court to unseal the Relator's Complaint and the Government's Notice of Election to Intervene in Part and to Decline to Intervene in Part. (Doc. 3). The Order also directed the Government and Relator to serve their Complaint upon Defendants within 120 days from October 18, 2013. (Id.)  On November 12, 2013, Relator filed a Notice of Voluntary Dismissal as to Defendant Basco Manufacturing Company[1]. (Doc. 9). On November 14, 2013, the Government filed a Complaint in Intervention and Demand for Jury Trial against Defendants C.R. Laurence Company Inc., William Ma, Northeastern Aluminum Corporation, Southeastern Aluminum Products, Inc., Waterfall Group, LLC, and Robert Wingfield. (Doc. 11). To date, the Relator has not filed his complaint.

On December 16, 2013, Relator filed a Motion for Hearing to Set Relator's Share, Schedule Status Conference, and Establish Discovery Schedule ("Motion for Hearing"). (Doc. 15). On December 18, 2013, the Government filed a Motion in Opposition to Relator's Motion for Hearing. (Doc. 16). The Court entered an Order denying Relator's Motion for Hearing without prejudice for failure to include the certification of conferral required by Local Rule 3.01(g) on December 20, 2013. (Doc. 18). Further, the Court directed Relator to advise as to whether he intends to dismiss his claims against those defendants against which the Government has not intervened. (Id.)

On January 23, 2014, Relator filed a Motion for Disclosure of

---

[1] The Government entered into a Settlement Agreement with Basco Manufacturing Company. (Doc. 9). On November 13, 2013, the Court entered an Order directing the parties to file their Settlement Agreement by November 27, 2013. (Doc. 10). On November 15, 2013 and November 22, 2013, the Government and James F. Valentini, filed their Notice of Settlement Agreement, respectively. (Doc. 12 and Doc. 14). On November 21, 2013, the Court entered an Order dismissing claims against Defendant Basco Manufacturing Company. (Doc. 13).

Payment/Settlement Information. (Doc. 27). The Motion asserts the Relator is entitled to a share of any settlement or recovery under 31 U.S.C. § 3730(d)(1). (Doc. 27 at 3). The Motion indicates that in early December 2013, the attorney for the Department of Justice, Christelle Klovers, informed Relator's attorney that Customs had negotiated and received payment of duties from the non-intervened Defendants. (Doc. 27 at 2). Ms. Klovers allegedly denied specific knowledge of details regarding such payments. (Id.) The Motion provides that if there has been a settlement with a non-intervened defendant with respect to the unpaid duties, the Relator is entitled to a share of the settlement. (Id.) The Motion also provides the Relator has attempted to obtain information about payments made by non-intervened defendants. (Id.) However, the Government asserted it will not provide any information as to any agreements or payments received by Customs from any non-intervened Defendant. (Id.) The Relator requested the Court enter an Order requiring the Government to produce all information about any payments and related agreements by and between the non-intervened Defendants as it relates to the Complaint. (Doc. 27 at 4).

On February 6, 2014, the Government filed a Response in Opposition to the Motion. (Doc. 46). The Response asserts the False Claims Act does not permit relators to obtain information from the Government before formal discovery begins, the Relator has failed to make his request in a timely manner, and the relator does not need the requested information in order to decide whether to proceed against the non-intervened defendants. (Doc. 46 at 1-2). The Court will review this matter.

## II.   ANALYSIS

The False Claims Act permits a private person to file a form of civil action (known

as qui tam) against any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record statement material to a false or fraudulent claim."  31 U.S.C. §§ 3729(a)(1)(A); 3729(a)(1)(B).  As the Complaint provides, Defendants allegedly made false statements to Customs as to their aluminum extrusion products' country of manufacture in order to avoid paying anti-dumping and countervailing duties.  (Doc. 1).  "A person may bring a civil action for a violation of [the False Claims Act] for the person and for the United States Government.  The action shall be brought in the name of the Government."  31 U.S.C. § 3730(b)(1).  "If the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and shall not be bound by any act of the person bringing the action."  31 U.S.C. § 3730(c)(1).  In the instant case, the Government proceeded with the action as to specific Defendants when it filed its Notice and Complaint naming Defendants Robert Wingfield, C.R. Laurence Company, Inc., Southeastern Aluminum Products, Inc., Waterfall Group, LLC, Northeastern Aluminum Corporation, and William Ma.  (See Doc. 2 and Doc. 11).

As mentioned above, the Relator asserts that in early December 2013, the attorney for the Department of Justice, Christelle Klovers, informed Relator's attorney that Customs had negotiated and received payment of duties from the non-intervened Defendants.  (Doc. 27 at 2).  Ms. Klovers allegedly denied specific knowledge of details regarding such payments.  (Id.)  Thus, the Relator has requested the Court direct the Government to produce all information about such payments.  (Doc. 27 at 4).  If the Government proceeds with an action, the relator shall receive a percentage of the proceeds of the action or settlement of the claim.  31 U.S.C. § 3730(d)(1).  However, in

the instant action, the Relator is not entitled to the requested information under 31 U.S.C. § 3730 as to any non-intervened Defendants because the Government proceeded with the action only to specific Defendants. The fact that the Government settled with other Defendants is immaterial because the non-intervened Defendants are not parties this action.

Next, "[i]f the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action." 31 U.S.C. § 3730(c)(3). Here, the Relator can still initiate the action as to any non-intervened Defendants. The False Claims Act does not provide that the Government is required to disclose any information as to which non-intervened Defendants that have made payments to the Government. If anything, "whenever the Attorney General, or a designee . . . has reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to false claims investigation, the Attorney General, or a designee, may [ . . . ] issue in writing [ . . . ] a civil demand" requiring production of such material. 31 U.S.C. § 3733(a)(1)(A). However, the Relator is not a designee of the Attorney General, but a private person.

The Relator asserts the government has no authority to partially settle the claim because the government has not given the relator notice or an opportunity to contest the settlement. (See Doc. 27 at 5) (citing United States ex rel. Smith v. Gilbert Realty Company, 34 F.Supp. 2d 527 (E.D. Mich. 1998)). However, that case is distinguishable from the instant action in that the government had accepted a settlement from the defendant *after* the relator and her attorney conducted the action without the Government. In this case, the alleged settlements were *before* the Government

intervened.  As the Relator has not brought an action as to the non-intervened Defendants, his reliance on <u>Gilbert Realty</u> is misplaced.

Accordingly, after due consideration it is hereby

**ORDERED:**

The Relator's Motion Requesting Disclosure of Payment/Settlement Information (Doc. 27) is **DENIED**.

DONE and **ORDERED** in Jacksonville, Florida this 14th day of February, 2014.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record